Steve PROUT *v.* STATE of Arkansas

CR 74-31                    510 S.W. 2d 291

Opinion delivered June 10, 1974

*Troy L. Wiley,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Steve Prout was charged on September 15, 1972, with possession of marijuana for sale in violation of the Arkansas Controlled Substances Act. He was arraigned on July 3, 1973, and tried on July 27, 1973. A jury found him guilty and fixed his punishment at four years' imprisonment. Prout contends that he was denied a speedy trial and that the trial court erred in failing to dismiss the charges against him. He moved to dismiss upon this ground prior to his trial. We agree that the denial of this motion was reversible error.

It is conceded that three terms of court elapsed before the trial of Prout, who was not held in custody pending trial, having been admitted to bail. The state urges there was no error in denying Prout's motion, however, because the court's docket showed that the case was passed on motion of the defendant on January 3 and March 9, 1973. This, however, was not sufficient under the circumstances shown in support of the motion. When the motion was made, the circuit judge noted that the docket reflected that the case was passed on the motion of the defendant on both dates. The docket entry as of January 3 actually stated that the prosecuting attorney asked that the case be passed on motion of the defendant. The reporter's record of proceedings on January 3, 1973, reflects that when the case was called the prosecuting attorney merely announced that it might be passed on motion of the defendant.

Prout, in support of his motion, testified that the prosecuting attorney never gave him any indication when the case would be tried, and that he had no idea why the case did not come up in January. He had dispensed with the services of his attorney between the September and January terms of court. He emphatically denied ever having asked that the case be passed, but admitted that he had never demanded trial. He also said he had conversed with the deputy prosecuting attorney about the trial date, but never requested

a delay. Prout said he was not present in court, either in person or by counsel, on either January 3 or March 9. Although the prosecuting attorney unequivocally stated that, if Prout offered testimony in conflict with the docket entries, he would request the court to "let us make a record on it," no one testified on behalf of the state.

We have said that the judge's docket is competent, but not conclusive, evidence of facts recited thereon, and that it should be corrected when all the testimony is to the contrary. *Smith* v. *Wallis-McKinney Coal Co.*, 140 Ark. 218, 215 S.W. 385. Affirmative recitals on a judge's docket are prima facie at best, and any presumption arising from a docket entry as to the authority under which an attorney acted may be rebutted by parol evidence. *Visart* v. *Bush*, 46 Ark. 153. The trial court was not justified in relying upon the docket entries when Prout testified in unequivocal contradiction of those recitals and the state did not even attempt to refute his testimony.

The circuit judge seemed to put great emphasis on appellant's failure to demand trial. This has not been required since our decision in *Holland* v. *State*, 252 Ark. 730, 480 S.W.2d 597 (1972). Since that decision, a defendant has to do no more than show that the delay did not happen on his application.

Since there was error in denying appellant's motion to dismiss for failure to bring him to trial within the prescribed time, and the state has failed to show any reason for not having done so, the judgment is reversed and the case dismissed.