Alfred D. HARKNESS v. A. S. (Todd) HARRISON, Judge, Crittenden County Circuit Court

CR 79-54                                        585 S.W. 2d 10

Opinion delivered June 18, 1979
(Division I)
[Modified on Rehearing September 10, 1979.]

*Thomas G. Montgomery,* Public Defender, for petitioner.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for respondent.

DARRELL HICKMAN, Justice. Alfred D. Harkness has filed

with us a petition for a writ of prohibition directed to the Honorable A. S. (Todd) Harrison, Judge of the Circuit Court of Crittenden County. A writ of prohibition will be granted.

Harkness was arrested on June 5, 1977, and charged with three separate felonies. He was tried on one of these charges in February, 1978, found guilty and sentenced to the penitentiary where he has remained since.

The other two charges were set for trial March 20, 1979. Before trial, Harkness filed a motion to dismiss the charges because of a lack of a speedy trial. The trial judge overruled the motion and Harkness seeks from us a writ to prohibit his trial.

The question presented is, has Harkness been brought to trial in compliance with Rule 28 of the Arkansas Rules of Criminal Procedure? Rule 28.1 (a) provides:

> Any defendant charged with an offense in circuit court and committed to a jail or prison in this state shall be brought to trial before the end of the second full term of the court, but not to exceed nine (9) months, from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

In order to determine if Rule 28 has been followed we must first examine the circuit court terms of Crittenden County and how they relate to this case.

Crittenden County Circuit Court is comprised of three divisions, designated First, Second and Third. The First Division judge presides over cases assigned to the criminal docket, the other two divisions are assigned to the civil docket. Ark. Stat. Ann. § 22-3229, et seq. (Repl. 1962). Regardless of the statutory designation of divisions, there is but one circuit court of Crittenden County. We have held, in connection with the Crittenden County Circuit Court, that in construing Ark. Stat. Ann. § 43-1708, which was replaced by Rule 28 of the Arkansas Rules of Criminal Procedure, we will treat the divisions of circuit court the same. *State* v. *Knight*, 259 Ark. 107, 533 S.W. 2d 488 (1976). In other words, the terms of

court of each division will be counted when Rule 28 is in issue. (Act 432 of 1977, effective January 1, 1979, abolished the laws distinguishing civil and criminal divisions. However, it did not affect the terms of circuit courts.)

The parties stipulated to the terms of the three divisions as follows:

## DIVISION I.

Arrested during February, 1977 term
| | |
|---|---|
| September, 1977 term commenced | September 20, 1977 |
| February, 1978 term commenced | February 20, 1978 |
| September, 1978 term commenced | September 18, 1978 |
| February, 1979 term commenced | February 19, 1979 |

## DIVISION II.

Arrested during January, 1977 term
| | |
|---|---|
| November, 1977 term commenced | November 21, 1977 |
| January, 1978 term commenced | January 30, 1978 |
| November, 1978 term commenced | November 20, 1978 |
| January, 1979 term commenced | January 22, 1979 |

## DIVISION III.

Arrested during May, 1977 term
| | |
|---|---|
| June, 1977 term commenced | June 20, 1977 |
| May, 1978 term commenced | May 8, 1978 |
| June, 1978 term commenced | June 19, 1978 |

It can readily be seen that unless excludable periods preclude the application of Rule 28, then Harkness has not been timely brought to trial.

The State argues Rule 28 does not apply because: (1) During August, 1977, Harkness was in the State Hospital for examination; (2) During February, 1978, Harkness was not tried because he obtained a severance of the three charges on his motion; and, (3) the congested docket of Crittenden County precluded a speedy trial.

Even if the first two periods of time were excluded, and the petitioner agrees that his time in the State Hospital should be excluded, we would have to apply Rule 28. Without even considering that Harkness could have been tried during other terms of court, the September, 1978 Term of Division I had passed; the January, 1978 and November, 1978 Terms of Division II had passed. All of these are full terms of circuit court that had lapsed without any action on the charge. We do not consider any term of court during which the charges were made.

Therefore, we have left the third reason argued by the State which would prevent the application of Rule 28, and that is a congested docket.

The Circuit Court, Division I, entered an order, in response to the motion to dismiss, in which it was found that due to a congested docket, Harkness had not been earlier brought to trial. Rule 28.3(b) of the Arkansas Rules of Criminal Procedure provides for excluding periods of delay because of docket congestion. It reads:

> Rule 28.3. The following periods shall be excluded in computing time for trial.
>
> . . . (b) The period of delay resulting from congestion of the trial docket when the delay is attributable to exceptional circumstances. When such a delay results, the court shall state the exceptional circumstances in its order continuing the case.

In this case there was never a motion for a continuance by the State or the petitioner. There was no docket entry noting a reason for the delay. Rule 28.3(b) obviously contemplates that a trial judge will regularly call the docket, and if a case is to be continued beyond the time permitted by law, then the reasons will be stated. That was not done in this case. There was no finding the other divisions could not try this case; the law requires that precedence be given to criminal cases. Rule 27.1, Rules of Criminal Procedure; *Gardner v. State*, 252 Ark. 828, 481 S.W. 2d 342 (1972). There was no finding that giving precedence to criminal cases was a practice followed by the civil divisions of Crittenden County Circuit Court — a legal responsibility of these divisions, as well

as the criminal division. There was no finding the congestion was greater than before, or that relief was sought by asking for additional judges.

We hold that the trial court's findings, entered only after a motion to dismiss was filed, do not constitute sufficient grounds to exclude any term of court. Therefore, the writ is granted.

Writ granted.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.