STATE of Arkansas *v.* Tim MESSER

CR 80-94                                          601 S.W. 2d 857

Supreme Court of Arkansas
Opinion delivered June 30, 1980

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellant.

*Alfred J. Holland*, by: *Michael E. Todd*, for appellee.

RICHARD L. MAYS, Justice. The only question presented by this appeal is whether three full terms of court expired before appellee was brought to trial in violation of his right to a speedy trial as defined by the Arkansas Rules of Criminal Procedure. The circuit court dismissed the criminal charges against appellee after holding that his speedy trial right had been violated. We reverse and remand.

Appellee, Tim Messer, was arrested on October 13, 1978, on criminal charges of burglary and theft. He was released on bond on October 23, after appearing before a magistrate on October 16, 1978. After entering a plea of not guilty before the Greene County Circuit Court on October 31, he obtained a continuance of his case on December 11, 1978, and again on May 7, 1979. Since the courtroom for the Greene County Circuit Court was in disrepair during

September and October, 1979, appellee's trial was set for November 20, 1979. However, on November 12, 1979, appellee filed a motion to dismiss based on a violation of his speedy trial right.

Rule 28 of the Arkansas Rules of Criminal Procedure provides that a criminal defendant must be brought to trial within three full terms of court, excluding only such periods of necessary delay as the rule expressly authorizes. Rule 30 provides for absolute discharge of a defendant who is not brought to trial within the required time.

Defining the right to a speedy trial in terms of court has presented special problems in determining compliance with our rules in jurisdictions having circuit courts with multi-divisions and overlapping terms. Recognizing the importance of the right to a speedy trial, we have stressed that civil divisions of circuit courts must share the responsibility of expediting criminal cases with criminal divisions. *Harkness* v. *Harrison*, 266 Ark. 59, 585 S.W. 2d 10 (1979); *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980). Although we considered the terms of each division, criminal or civil, we initially only added terms in any one division without counting overlapping terms of other divisions in determining compliance with the rules. *Gardner* v. *State*, 252 Ark. 828, 431 S.W. 2d 342 (1972). We decided, however, that even overlapping terms had to be counted to effectively spread the judicial responsibility to expedite criminal matters and began adding expired terms of all divisions to determine compliance. *Harkness* v. *Harrison, supra.*

Although terms of court have never been uniform in length, counting overlapping terms not only added to the lack of uniformity but raised additional issues concerning the exclusion of such terms because of necessary delays in bringing a defendant to trial. Although many of the problems with overlapping terms were solved when Act 432 of 1977 abolished divisions in circuit court, effective January 1, 1979, the problem of a lack of a uniform standard for measuring the right to a speedy trial remains. The inequity it sometimes creates is emphatically illustrated by our decisions in *Alexander* v. *State, supra*, finding a speedy trial violation when a de-

fendant was brought to trial within 7 months, and *Mathews* v. *State*, 268 Ark. 484, 598 S.W. 2d 58 (1980), finding no violation when a defendant was not brought to trial within 18 months. Today we are confronted with another example of the distorted reasoning which sometimes results from the application of our speedy trial rule with the additional difficulty of concurrently applying our rule before and after multi-divisions were abolished. Primarily, the issue we now must determine is whether an overlapping term of a division should be excluded when a term which is substantially contemporaneous with it is excluded in another division because of a requested continuance.

In October, 1978, when appellee was arrested the Greene County Circuit Court had three divisions, one criminal and two civil, with each division holding two terms of court a year as follows:

1st division (criminal), on the third Monday in May and the second Monday in December;
2nd division (civil), on the first Monday in March and the first Monday in September;
3rd division (civil), on the first Monday in June and the third Monday in November.

The appellee's case was assigned in the criminal or 1st division with divisional terms beginning in May and December.

Although divisional terms of Greene County Circuit Court became regular court terms after January, 1979, resulting in six successive terms of court beginning in March, May, June, September, November and December, the court continued to function in divisions without integrating to dispose of criminal matters. When appellee appeared during the December and May terms, he delayed his trial by requesting continuances which the court granted. When appellee received notice that his trial had been set in November, he suddenly complained about the denial of a speedy trial, arguing that three overlapping terms in divisions II and III had expired during the time that his case had been continued in division I. Although appellee relies on *Harkness* v. *Harrison*, supra, his argument not only undermines the purposes of the speedy

trial guarantee but further illustrates the confusion which has resulted from defining the speedy trial right in terms of court. First, since circuit court divisions were abolished after 1978, no overlapping terms could have expired in 1979. See, *Alexander* v. *State*, supra. In 1979 the court terms which expired before appellee's trial date of November were the March, May, June and September terms. Since the May term is excludable because of appellee's requested continuance and the September term is excludable because of the unavailability of court facilities to try him, the March and June terms only passed in 1979. Second, although there were overlapping terms in 1978, appellee's requested continuance during the December term of division I strongly suggests that he was unprepared to go to trial a month earlier in division III's November term. Even when both terms simultaneously ended in March 1979, because of the new statute, appellee again was still not prepared to go to trial in May. Irrespective of appellee's contentions and the support which he solicits from our prior cases, however, we hold that a term justifiably excluded in one division automatically excludes a substantially contemporaneous term in another division. Therefore, appellee's requested continuance not only excluded the December, 1978 term of division I but the November 1978 term of division III, since it substantially corresponds in time to the period before trial which appellee excluded because of the need for additional trial preparation. Since no more than two terms (March and June) expired before appellee's trial date, his motion to dismiss should have been denied.

Reversed and remanded.

Fogleman, C.J., concurs.

Hickman and Stroud, JJ., concur in the result.

Purtle, J., dissents.

John A. Fogleman, Justice, concurring. I concur in the result reached in the majority opinion, but I adhere to the views expressed in my concurring opinion in *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 345. I do not entirely agree with the majority's analysis of *Harkness* v. *Harrison*, 266 Ark. 59,

585 S.W. 2d 10. The result growing out of *Harkness* was not brought about by our decision to "effectively spread the judicial responsibility to expedite criminal matters"; it arose from the fact that divisions of court did not survive Act 432 of 1979, as I pointed out in concurring in *Alexander*. The idea that the circuit courts, regardless of the civil-criminal division dichotomy, had the responsibility for expediting criminal trials was first given force by this court's adoption of Criminal Procedure Rules I and II (now superseded by Rule 27.1, Arkansas Rules of Criminal Procedure) adopted some 3-1/2 years prior to the decision in *Harkness*. I submit that we have never counted "overlapping" terms in making speedy trial determinations. Since January 1, 1979, there are no overlapping terms in the Second Circuit Chancery District or in most of the districts in the state. The Second Circuit-Chancery District is not the same as the Second Judicial District and no mass of rhetoric will make it so. Terms of court were not, and cannot be, set for either a judicial district or a circuit-chancery district. There never has been, and could not have been, a Circuit Court of the Second Judicial District. Each circuit court of each county was a separate and distinct circuit court. The fact that, in a judicial district, a circuit judge was elected to preside over the circuit court of each county in the district did not convert the courts in that district from seven separate and distinct circuit courts into one. The same may be said of the situation presently with reference to the newly created circuit-chancery district. The inevitable effect of Act 432 was to make the beginning dates of terms prescribed for *divisions* of the circuit courts of the counties of the district become the beginning dates for the terms of the circuit court of that county without giving any regard whatever to divisions. See my concurring opinion in *Alexander*. The majority apparently agrees with my position for it says that divisional terms became regular court terms after January, 1979. Consequently, the problems with which we are faced have little to do with county "overlapping terms of a division."

A chronology of events in this case will demonstrate, however, that Messer has not been deprived of his right to speedy trial under Article VIII, Arkansas Rules of Criminal Procedure. The chronology discloses:

| Date | Occurrence |
|------|------------|
| 1978 | |
| October 13 | Arrest of Messer |
| October 16 | Messer's first appearance. Bond fixed by magistrate. |
| October 23 | Messer released on bond. |
| October 26 | Messer moved for discovery. |
| October 31 | State moved for discovery. Hamilton relieved as attorney for Messer and Todd, present counsel, appointed. |
| November 20 | June term of Division III of circuit court ended and November term began. |
| December 7 | Messer moved for a continuance for the term. (Messer concedes that this motion was for a continuance for the entire December 1978 term.) |
| December 11 | December, 1978, term began. Messer's motion for continuance was granted and the parties were directed to comply with pretrial discovery. (Messer admits that the December, 1978, term of court is an excluded period under Rule 28.3 (c), Arkansas Rules of Criminal Procedure.) |
| 1979 | |
| March 5 | A new term of court began in the Circuit Court of Greene County. This terminated the December, 1978, term of Division I, the September term of Division II and the November term of Division III. (Messer was arrested during the May, 1978, term of Division I, the September, 1978, term of Division II and the June, 1978, term of Division III. Because of this, and the continuance, no terms had passed, under Article VII, in Division I; because of the date of arrest, |

no terms had passed in Division II. Because of the continuance, no terms had passed in Division III. "Overlapping terms" become of no significance.)

May 5      Messer moved for a continuance for the May, 1979, term.

May 21      A new term of the Greene Circuit Court began and Messer's motion for continuance was · granted. (Messer admits that this term is excluded because his motion was granted; however, no reason for not trying Messer during the March, 1979, term appears, so one term of court had expired without Messer having been tried. The state concedes that the March, 1979, term should not be excluded.)

June 4      May term ended and June term began.

September 3      June, 1979, term ended and September, 1979, term began. (The expiration of the June term meant that two terms had expired without Messer's having been brought to trial.)

October 30      Messer case set for trial on November 20, 1979.

November 12      Messer's motion to dismiss filed.

November 16      Circuit court order finding that September, 1979, term should be excluded because there were no facilities available for jury trial.

November 19      September, 1979, term ended and November, 1979, term began. (Because of the lack of facilities for trial, the September, 1979, term should be excluded under Rule 28.3 (h). If this is not

"other good cause," it would be difficult to imagine one. The trial court's order had been entered during the September term.)

November 20     Date set for trial of Messer. (It was agreed that the November, 1979, term is an excluded period because it was the term in which Messer was to have been brought to trial.)

Thus, I agree with the majority that only the March, 1979, term and the June, 1979, term had passed before the date the trial was scheduled to have been held. Since Messer was free on bond, he was not entitled to dismissal before three terms had passed, excluding periods of necessary delay. Rule 28.1 (b), Arkansas Rules of Criminal Procedure.

JOHN I. PURTLE, Justice, dissenting. The majority has taken a step backwards by this opinion today. It is unfortunate because we had reached a point in our speedy trial rulings where a trial judge could finally fairly well predict what we would hold in a particular case. Now, we have regressed to the point of *Gardner* v. *State*, 252 Ark. 828, 481 S.W. 2d 342 (1972), and have certainly overruled *Harkness* v. *Harrison*, 266 Ark. 59, 585 S.W. 2d 10 (1979), and *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980).

In order to demonstrate my point of view, I will set out the terms of court involved in the present case from the date of the arrest until the date of the granting of the motion to dismiss. These terms are as follows:

| DIVISION: | STARTED: | ENDED: | ACTION TAKEN: |
|---|---|---|---|
| II | September 4, 1978 | November 20, 1978 | Arrested |
| III | November 20, 1978 | December 11, 1978 | None |
| I | December 11, 1978 | March 5, 1979 | Continuance |
| II | March 5, 1979 | May 21, 1979 | None |
| I | May 21, 1979 | June 4, 1979 | Continuance |
| III | June 4, 1979 | September 3, 1979 | None |
| II | September 3, 1979 | November 19, 1979 | Motion filed |
| III | November 19, 1979 | December 10, 1979 | None |
| | December 10, 1979 | (Not Ended) | Dismissed |

We can see from the illustration above that this arrest continued through all or part of nine terms of court. We stated in *Alexander* v. *State*, supra, that one term of court ended when another term commenced. Even if this rule is applied for the first time in calendar 1979, the appellee here was clearly entitled to the relief which was properly granted by the trial court. In looking at the above illustration, we can see that no action was taken in the November 1978 term, the March 1979 term, the June 1979 term, and the September 1979 term. Therefore, if we exclude the September 1978 term when he was arrested, the December 1978 term and the May 1979 term in which he requested a continuance, and the September 1979 term when the motion was made, we still have more than three terms of court that expired before the motion was granted.

I cannot understand why the majority continues to refer to divisions of the courts. I was of the impression that we had already decided that no divisions of the courts were to be considered in determining the matter of a speedy trial.

Whether a particular courtroom is ready for use has no bearing on the time-in which an accused is entitled to have the charges terminated by trial or release, and the fact that a motion for release has been filed does not extend the time for trial. If such motion has any effect at all, it should be to hasten the trial date unless the time has already expired. To hold otherwise would allow an accused to be held indefinitely if he filed a motion for release prior to the release date. For example, Alexander filed his motion, which was denied; yet, the court went ahead with the trial. We reversed because we held the time had expired before trial. The present position would, in my opinion, be different if we applied the same yardstick as we did in *Alexander* v. *State*, supra.

To me, there is no way we can logically come up with the decision reached by the majority and give any credence to Rule 30 and our past decisions. Therefore, I feel the trial court acted properly; and, this case should be affirmed.