Ellis "Bucky" BELL *v.* STATE of Arkansas

CR 80-84 603 S.W. 2d 397

Supreme Court of Arkansas
Opinion delivered August 25, 1980

*Robert F. Morehead*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The jury found Bell guilty and sentenced him to 15 years' imprisonment for aggravated robbery and 5 years for interference with a law enforcement

officer by a threat of deadly force. He argues two points for reversal.

First, there is no merit in the contention that Bell was denied his right to speedy trial. It is true that he was not tried within 9 months after his arrest and incarceration, but that delay did not entitle him to an absolute discharge. At most, he was entitled to be released and then to be tried within the time allowed by Criminal Procedure Rule 28.1 (b), which is ordinarily within the third full term of court, not counting the term in which he was arrested. A. R. Crim. P. Rule 28.1 and 30.1 (1976); *Matthews* v. *State*, 268 Ark. 484, 598 S.W. 2d 58 (1980). He was tried within that third term of court. Moreover, we find that under the balancing principle laid down in *Barker* v. *Wingo*, 407 U.S. 514 (1972), the delay was not unreasonable. A substantial part of the delay was due to motions filed by the defendant, for psychiatric examinations and for the production of the testimony of non-resident witnesses. That the defendant's grandfather (who assertedly might have been a defense witness) died ten months after the defendant's arrest does not establish prejudicial delay. Of course, there is no suggestion that the delay had anything to do with the grandfather's death, nor is it shown that his testimony would have been significantly favorable to the defense.

Second, it is argued that the defense of mental disease or defect was established by a preponderance of the evidence. That defense was submitted to the jury, which rejected it. Although the jury was required to determine the issue by the preponderance of the evidence, the test in this court is whether the verdict is supported by substantial evidence. *Oliver* v. *Miller*, 239 Ark. 1043, 396 S.W. 2d 288 (1965). There is an abundance of such supporting evidence in the record; in fact, there is no argument to the contrary.

Two lesser points should also be mentioned. The State suggests in its brief that Bell should have been charged with resisting arrest, under our holding in *Breakfield* v. *State*, 263 Ark. 398, 566 S.W. 2d 729 (1978). That point was not raised in the trial court and is therefore not before us. Second, more than three months after the appellant's brief was due, and

more than two months after the defense counsel's brief was actually filed, Bell filed a pro se·motion asking for leave to file a pro se supplemental brief. We deny that motion, not only because of its untimeliness but also because of its want of even apparent merit.

Affirmed.