Daniel ARCHER *v.* STATE of Arkansas

CA CR 80-48 · 609 S.W. 2d 91
Court of Appeals of Arkansas
Opinion delivered December 10, 1980

*Rhine, Rhine & Young*, by: *Robert E. Young*, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. Appellant was convicted by a jury of the offense of delivering a controlled substance with intent ot sell and a term of 8 years' imprisonment was imposed. On appeal from the judgment he urges numerous points for reversal. We are persuaded the case must be reversed on appellant's contention the trial court erred in denying his pretrial motion to dismiss because he was not tried within three terms of court as required by Rule 28.1, and therefore we discuss only this point.

Appellant was arrested February 22, 1979, and was tried and convicted December 20, 1979, approximately ten months after his arrest. The lapse of time is well within the 18 months period presently prescribed by Revised Rule 28.1, which became effective July 1, 1980. However, the issue must be determined under the Rule as it existed in 1979, and at that time the Rule provided a defendant charged with an offense in the circuit court and held to bail or otherwise set at liberty, "shall be brought to trial before the end of the third full term of court from the time provided in Rule 28.2, excluding

only such periods of necessary delay as are authorized by Rule 28.3" Under Rule 28.2, the time began to run from the date of arrest. Rule 30 requires the absolute discharge of defendant not brought to trial within the prescribed time.

By statute the circuit court in Greene County is divided into three divisions. In *State* v. *Messer*, 269 Ark. 431, 601 S.W. 2d 857 (1980), the court noted the special problems presented by the requirement of a speedy trial under the Rule in circuits having multi-divisions, and stated that civil divisions of circuit courts share the responsibility of expediting the trial of criminal cases. The court reiterated the rule announced in *Harkness* v. *Harrison, Judge*, 266 Ark. 59, 585 S.W. 2d 10 (1979) and *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980), that the terms of all of the various divisions of circuit court in a county must be counted under the speedy trial rule. With these decisions in mind, we take note of the statutory terms of each of the three divisions of circuit court in Greene County, and it is apparent that subsequent to the term of court under which appellant was arrested on February 22, 1979, additional terms of court began and ended before trial as follows:

2d Division: March 5, 1979 – September 3, 1979.

1st Division: May 21, 1979 – December 10, 1979.

3rd Division: June 4, 1979 – November 19, 1979.

Another statutory term of the 2nd Division began on September 3, 1979. The pre-trial motion was denied December 10, 1979, and thus it is clear when the motion was dismissed three terms of the circuit court of Greene County had begun and ended after appellant's arrest. Under Rule 30 appellant was entitled to be discharged pursuant to his motion unless the time within which trial was required was extended by periods excluded by Rule 28.3.

On two occasions appellant's appointed counsel petitioned to be relieved as counsel on the sole ground of conflict of interest in that the attorney involved in each of the petitions had counseled with another defendant whose in-

terest conflicted with that of appellant. Appellee argues these motions were in effect continuances at the request of appellant. Neither of the petitions asked for a continuance of the case. Rule 28.3 authorizes the exclusion of delay resulting from a continuance granted at the request of the defendant or his counsel. We cannot say the petitions by court appointed counsel to be relieved can be considered as requests for continuances within the meaning of the rule. *Garrison* v. *State*, 270 Ark. 426, 605 S.W. 2d 467 (Ark. App. 1980).

Appellee further contends there was remodeling and reconstruction in the courtroom at sometime during the term of court beginning June 4, 1979, and ending November 19, 1979, and that those circumstances should exclude the term of court beginning in September, 1979, and ending in march, 1980. This point was not raised until the hearing on the motion to dismiss held on December 10, 1979. No evidence was developed on the status of the courtroom and the record fails to disclose any continuance of the case as a result of docket congestion because of any exceptional circumstance as provided by Rule 28.3 (b). No motion for continuance was filed by the state from the date of appellant's arrest to the date the motion to dismiss was denied. If a case is continued beyond the time provided by the rule, the record should timely show the reasons for such delay. Findings of the trial court entered after a motion to dismiss has been filed are not valid grounds for excluding a term of court in applying Rule 28.1. *Harkness* v. *Harrison, Judge, supra.*

We conclude the trial court erred in denying appellant's motion for dismissal of he case.

The necessity for reversal and dismissal as provided by Rule 30.1 is unfortunate, and such result would not be necessary had the present revised Rule 28.1 (c) been in effect. The new rule permits a defendant to be brought to trial within eighteen months after arrest and eliminates the complications occasioned by the old rule which computed time by court terms. However, this case predates the revised rule which has no application.

Reversed and dismissed.