## Michael CASH *v.* STATE of Arkansas

CR 80-111                                    611 S.W. 2d 510
Supreme Court of Arkansas
Opinion delivered February 9, 1981

*Ralph E. Wilson, Sr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

Robert H. Dudley, Justice. On December 11, 1978, the appellant, Michael Cash, was jailed and later charged with rape, burglary and three counts of criminal attempt to rape. On September 18, 1979, after more than nine months' incarceration, he filed a motion alleging that the State had failed to afford him a speedy trial and asking that the charges

against him be dismissed. That motion was denied, and on October 22, 1979, the appellant was found guilty of all four crimes.

Appellant first contends that the trial court committed error in not dismissing the charges against him after he was held in jail for more than nine months. It is true he was in jail and not tried within nine months, but this does not entitle him to absolute discharge. Instead, he was entitled to be released on his personal recognizance. Ark. R. Crim. Proc., Rule 28.1 and 30.1 (b) (1976); *Bell* v. *State*, 270 Ark. 1, 603 S.W. 2d 397 (1980).

The second contention is the trial court committed error by refusing to dismiss the charges after appellant was not brought to trial within three full terms of court. Rules 28.1 and 30.1 (a) of the Arkansas Rules of Criminal Procedure specify that a defendant shall be absolutely discharged if not brought to trial before the end of the third full term, unless there are necessary delays.

On December 11, 1978, the date of incarceration of the appellant, the Osceola District of the Mississippi County Circuit Court, part of the Second Circuit, had three divisions with each division having a responsibility for protecting a defendant's right to a speedy trial. *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980).

January 1, 1979, was the effective date of Act 432 of 1977 (Ark. Stat. Ann. § 22-310 [Supp. 1979]) which abolished divisions of circuit court. The courts of the Second Circuit, which had been multi-division courts, became multi-judge courts with the terms of various divisions becoming terms of court for that county. *Alexander* v. *State*, supra. The beginning dates of the terms in the Osceola District of Mississippi in 1979 were fixed as:

1. First Monday in February.
2. Third Monday in March.
3. First Monday in June.
4. Third Monday in October.
5. First Monday in November.

Each term ended when the next term began.

The appellant was arrested during the November 1978 term of the third division, which ended on the first Monday in February. The term in which the appellant was arrested is not counted in determining compliance with the speedy trial rules. *Kemp* v. *State*, 270 Ark. 835, 606 S.W. 2d 573 (1980).

The first term that is counted against a speedy trial began on the first Monday in February, 1979, and ended on the third Monday in March. The appellee now contends that this term should be excluded as "It can be presumed that neither appellant nor the State would have been prepared for trial during the February term . . . " There is no such presumption. Rather, it is the burden of the State to prove any delay is justified. *State* v. *Lewis*, 268 Ark. 359, 596 S.W. 2d 697 (1980).

The second full term began the third Monday in March and ended the first Monday in June. The appellee contends that this term ought to be excluded from computation because the state intended to try the appellant on March 27, but because the lead investigating officer intended to attend a law enforcement conference on that date, trial was cancelled. Rule 28.3 (d) (i) provides that the prosecution may gain a continuance, which is excluded from computation, when evidence material to the State's case is unavailable and due diligence has been exercised in an attempt to get the evidence. The explanation given for not trying the appellant is not a valid reason to pass the case for the full term. There is no provision in the Rules of Criminal Procedure to exclude a term of court just because a case there is neither an order setting the case nor an order continuing the case. This term must be counted as the second full term without trial.

The State admits that the term which began on the first Monday in June and ended on the third Monday in October must be counted. At the end of this term the appellant had not been tried before the end of three full terms from the date of incarceration. It was during the next term, the fourth term, that he was tried and convicted.

More than three full terms of court passed before appellant was tried, and no good cause was shown for the delay. The trial court committed error in not dismissing the charges.

Reversed and dismissed.

HICKMAN and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I dissent for the reasons I expressed in *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980), and because of our decision in *Harkness* v. *Harrison*, 266 Ark. 59, 585 S.W. 2d 10 (1979).

STEELE HAYS, Justice, dissenting. The majority has correctly applied the holding of *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980) to the facts of this case; however, I earnestly disagree with the result reached in *Alexander* and, therefore, respectfully dissent. My views regarding the tracking of terms of court for purposes of a speedy trial are expressed in the dissenting opinion in the *Alexander* case.