The Honorable Francis T. Donovan Circuit Judge 20th Judicial District Courthouse — 2nd Floor Conway, AR 72032
Dear Judge Donovan:
This is in response to your request for an opinion concerning A.C.A. 16-13-101, which addresses the procedure for transfer of a suit upon disqualification of a judge. You have asked, specifically, how this Code provision applies to the Twentieth Judicial District. Attached to your request is correspondence directed to you from the Judicial Department, Administrative Office of the Courts, wherein it is concluded that a case would be transferred to the new circuit-chancery judge following disqualification or recusal of the circuit judge in your judicial district.
It is my opinion that the conclusion reached in the above-referenced correspondence reflects a reasonable interpretation of 16-13-101, which states:
 Whenever any suit or action is brought or pending in any division of any circuit or chancery court of this state, where the court has more than one (1) division and where it appears that the presiding judge of the division in which the action is pending is interested in the suit, has been of counsel, is related by blood or marriage within the fourth degree to either of the parties or their attorney, or shall for any other reason by disqualified to hear the cause, the suit shall be transferred to another division of the court, upon the motion of any party.
This provision may, in my opinion, reasonably be construed to mandate a transfer to the new circuit-chancery judge, notwithstanding the fact that this judge is the judge of the juvenile division of chancery court.[1]
A question arises in interpreting 16-13-101, in light of the fact that divisions of circuit court were generally abolished by Act 432 of 1977. SEE, e.g. CASH v. STATE, 271 Ark. 881, 882,611 S.W.2d 510 (1981). Under Section 1 of Act 432 of 1977 (A.C.A.16-13-2803), the qualified electors of the Twentieth District shall elect one circuit judge and one chancellor, and under Section 1(a)(1)(Q) of Act 949 of 1987, an additional circuit-chancery judge is to be elected at the November, 1990 general election, to take office on January 1, 1991. (The Governor's appointee serves through December 31, 1990. Acts 1989, No. 949, (a)(2)). In the absence of separately identified "divisions" of circuit court, it may be successfully contended that A.C.A. 16-13-101 authorizes a transfer to the new circuit-chancery judge who, although sitting as judge of the juvenile division of chancery court, clearly has the duty to sit ". . . as judge of the circuit, chancery or probate court as time permits." Act 1989, No. 949, 4(d); SEE ALSO Acts 1989, No. 294, 3 (c). This conclusion is compelled by the absence of any distinction among divisions, following the passage of Act 431 of 1977.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Act 294 of 1989, Section 2 (a), establishes this separate division of the chancery court in each judicial district. A circuit-chancery judgeship was created for the Twentieth Judicial District in Section 1 (a)(1)(Q) of Act 949 of 1989, the judge of which was designated as the judge for this division, to be known as the "Juvenile Division of Chancery Court." SEE Acts 1989 No. 949, 1 (a)(2) and No. 294, 2(a).