Francis T. DONOVAN v. ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION

90-342                                              800 S.W.2d 710

Supreme Court of Arkansas
Opinion delivered December 18, 1990

*Callis Childs*, for appellant.

*James Badami*, for appellee.

PER CURIAM. Petition for writ of prohibition is denied.

GLAZE and PRICE, JJ., dissent.

TURNER, J., not participating.

TOM GLAZE, Justice, dissenting. Petitioner requests this court to prohibit the Arkansas Judicial Discipline and Disability Commission from conducting a probable cause hearing on a complaint filed by Andre E. McNeil. Petitioner's request is grounded on the fact that the Commission failed to give him due notice of the McNeil complaint.

Rule 8(D) of Ark. Jud. Disc. & Disab. Comm'n Rules provides that, if the judge is not given notice by the Commission of the complaint within 90 days of its receipt, the Commission can take *no action other than to dismiss* the complaint. The Commission, however, does not have to dismiss the complaint if it can show it had good cause for failing to send the judge a timely notice. Here, the Commission claims good cause was shown because it had a large number of complaints to process, and it was

having to establish operating procedures, presumably since the Commission is a relatively new agency.

First, I cannot agree good cause was shown. The reasons given by the Commission certainly would be insufficient for alleviating an attorney from his or her responsibility in missing a filing deadline or notice requirement. Surely, it takes very little time to forward a letter apprising a judge that a complaint has been filed against her or him.

Second, the petitioner's request, in my view, is jurisdictional and is comparable to speedy trial cases, wherein this court has prohibited and dismissed proceedings when a defendant in criminal proceedings is not brought to trial within twelve months from the date when she or he is charged or arrested. This court routinely considers defendants' petitions for writs of prohibition, and upon a showing that no justification or good cause is shown for a delay in proceeding to trial, we have dismissed charges in those criminal proceedings. *See* A.R.Cr.P. Rule 38; *see, e.g., Harkness* v. *Harrison,* 266 Ark. 59, 585 S.W.2d 10 (1979).

In sum, Rule 8(D) clearly prohibits the Commission from taking any action against a judge when it fails to notify him or her of a complaint unless the Commission can show good cause for its failure. Here, the Commission made no such showing, and the mandatory language contained in Rule 8(D) requires the dismissal of the McNeil complaint. This court's refusal to grant the petitioner's request merely reveals that a defendant in a criminal proceeding has a greater right to notice and due process than a judge when defending himself against charges.

PRICE, J., joins in this dissent.