STATE of Arkansas *v.* Richard Delaney BANKS

CR 80-83                                                       609 S.W. 2d 10
Supreme Court of Arkansas
Opinion delivered December 8, 1980
[Supplemental opinion on denial of rehearing
delivered January 12, 1981.]

*Steve Clark*, Atty. Gen., by: *Catherine Anderson* and *Mary Davies Scott*, Attys. Gen., for appellant.

*Central Arkansas Legal Services*, by: *Julius D. Kearney, Tom Ginger* and *James R. Cromwell*, for appellee.

GEORGE ROSE SMITH, JUSTICE. Richard Delaney Banks, aged 15, was arrested and charged by information with having committed aggravated robbery on January 21, 1980. Appointed counsel filed a petition for a writ of habeas corpus in the same proceeding, bringing in the county sheriff as Richard's custodian, and asked that Richard be released because the juvenile court has exclusive jurisdiction over a 15-year-old defendant. After a brief hearing the trial court sustained that contention and ordered that Richard be released.

The State appealed on the broad ground that under the Criminal Code of 1975 a prosecuting attorney has discretion to charge a juvenile of 15, 16, or 17 years of age in the circuit court, municipal court, or juvenile court. Ark. Stat. Ann. § 41-617 (2) (Repl. 1977). That general contention was sustained with respect to a 17-year-old defendant in a case decided before this one was reached for submission. *Sargent* v. *Cole*, 269 Ark. 128, 598 S.W. 2d 748 (1980). Despite that decision the appellee insists that the trial court's decision was correct, for either of two reasons.

First, it is argued that the statutes construed in the *Sargent* case are not controlling as to a 15-year-old, because Act 815 of 1979, amending the Juvenile Code with respect to the prosecutor's discretion to charge in the circuit court, does

not apply to a juvenile "over the age of fifteen (15) or older." Ark. Stat. Ann. § 45-418 (Supp. 1979). Counsel, reading the quoted phrase literally and restrictively, argue that the reference to "over the age of fifteen or older" must be taken to mean sixteen and older. Cf. *Allen* v. *Baird*, 208 Ark. 975, 188 S.W. 2d 505 (1945). In that view the trial court's decision would be correct, because Richard was only 15 when he was arrested and charged.

We are not persuaded that the legislature meant to resort to such a roundabout way of saying the simple word "sixteen." Instead, we are convinced that an inadvertent use of both "over" and "older" occurred, the legislative intent being to refer to juveniles *of* the age of fifteen or older. It is our duty, when the context so indicates, to substitute one word for another to give effect to what was evidently the intention of the legislature. We have, for example, read "fifth" to mean "fourth," "Commission" to mean "Incorporation," and, of course, "may" to mean "shall." *Haney* v. *State*, 34 Ark. 263 (1879); *Garland Power & Dev. Co.* v. *State Board etc.*, 94 Ark. 422, 127 S.W. 454 (1910); *Ark. State Racing Commn.* v. *Southland Racing Corp.*, 226 Ark. 995, 295 S.W. 2d 617 (1956).

Here the context leaves no doubt about the legislative intention. The Criminal code, *supra*, had given prosecutors discretion to charge minors of 15, 16, or 17 in any one of three courts. The Juvenile Code, however, also adopted in 1975, provided that similar discretion was permissible with regard to juveniles "over the age of twelve." Ark. Stat. Ann. § 45-418 (Repl. 1977). Thus there was some inconsistency between the Criminal Code and the Juvenile Code. Act 815 of 1979, now relied upon by the appellee, was designed in part to remedy that situation, the emergency clause declaring that the statutory authority of juvenile courts was in immediate need of clarification.

Conclusive proof of the legislative intent is to be found in Act 815 itself. Section 11 of that act, in making a slight change in the pertinent section of the Criminal Code, again declared explicitly that a person who was 15, 16, or 17 at the time of the offense may be charged in the circuit court, municipal court, or juvenile court. § 41-617 (2) (Supp. 1979).

It is wholly unreasonable to suppose that the legislature also intended, in Section 2 of that same act, to insert a contradictory exemption of 15-year-olds by the reference to a person over the age of 15 or older. Inasmuch as the two sections can readily be harmonized, we must do so. We therefore adhere to our conclusion in the *Sargent* case. (It is, of course, unnecessary for us to discuss appellee's argument that the reference to a person over the age of 15 or older makes the statute void for vagueness, for when properly interpreted it is not vague.)

Second, it is argued that the circuit court also had no jurisdiction because Richard was arrested on January 24 but not immediately taken before the juvenile court, as required by § 45-418 (Supp. 1979). That statute by its terms applies only when the juvenile is taken into custody "without a warrant." Even if we construed it to be mandatory, a violation of such a statute does not require dismissal of the charges. *Bolden* v. *State*, 262 Ark. 718, 561 S.W. 2d 281 (1978). On January 28 the prosecutor filed the present information and obtained a bench warrant for Richard's arrest, which was served on January 28. Consequently there is no want of jurisdiction in the circuit court.

Reversed and remanded.

Supplemental opinion on denial of rehearing
delivered January 12, 1981

GEORGE ROSE SMITH, Justice, on denial of rehearing. In the appellee's original brief in this case counsel relied upon the opinion in *Kent* v. *United States*, 383 U.S. 541 (1966), to support their argument that under Arkansas law the juvenile court has exclusive jurisdiction over juveniles aged 15, 16, and 17. That broad contention was rejected in *Sargent* v. *Cole*,

269 Ark. 121, 598 S.W. 2d 748 (1980), cited in our opinion in the present case.

In a petition for rehearing it is argued that under the *Kent* decision the appellee was entitled as a matter of due process of law to a judicial hearing before the prosecuting attorney could elect to file an information in the circuit court rather than to proceed in the juvenile court.

There are various answers to this contention. First, it was not raised in the trial court, nor do we perceive that it was within the issues raised by the appellee's petition for a writ of habeas corpus. Second, *Kent* interpreted an act of Congress that applied to the Juvenile Court of the District of Columbia and explicitly required a "full investigation" before that court waived jurisdiction. We do not interpret the opinion as reading that provision of a federal statute into the Fourteenth Amendment. Third, in any event the position now urged by the appellee would have to be supported by proof relating to issues of fact not raised below, not considered by the trial court, and not pertinent to this appeal by the State upon a question of law.

Rehearing denied.