Freddie Jerome WILLIAMS *v.* STATE of Arkansas

CR 80-208                                        609 S.W. 2d 37
Supreme Court of Arkansas
Opinion delivered December 15, 1980

*McArthur & Lassiter, P.A.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was charged with two counts of possession of a controlled substance, in violation of Ark. Stat. Ann. § 82-2617 (Repl. 1976). The first count charged him with possession of cocaine and the second count with possession of marijuana. The counts were merged at the trial, and he was convicted and sentenced to four years in the Department of Correction, to be served consecutively to a federal sentence he is now serving.

On appeal three grounds are urged for reversal: (1) that he was denied a speedy trial; (2) certain evidence should have been suppressed; and (3) the evidence was insufficient to support the verdict.

We disagree on all three counts which will be discussed separately.

The facts reveal a nighttime search warrant was authorized on May 2, 1978, and was required to be served within ten days. It was served on May 5, 1978, at which time the appellant was arrested. The arresting officers broke down the door to an office occupied by the appellant. There were two or three other persons present at the time. According to testimony appellant was the operator of the C & S Club where the search and arrest were conducted. The officers testified they seized a packet of cocaine out of the commode as it was being flushed and some marijuana on the floor nearby. Appellant was standing next to the commode, and the other people were across the room. Appellant made bond on the date of his arrest. The case was never brought up for a hearing in municipal court for reasons not explained in the record. Both parties seem to believe the charges in question were nolle prossed; however, the record does not reflect any such action.

On June 6, 1978, appellant commenced serving a term in a federal institution outside the State of Arkansas. No detainer or notice was filed at the federal institution at that time. In March of 1979 the appellant was returned to Pulaski County, Arkansas, on an unrelated charge at which time the unrelated charge was dismissed and appellant returned to federal custody.

On March 13, 1979, the prosecuting attorney filed an information on these two same counts and gave notice to the federal correctional institution where appellant was confined. For some unexplained reason a bench warrant was issued on May 29, 1979, for failure to appear. There is nothing else in the record about this proceeding. On October 26, 1979, appellant filed a motion to suppress the evidence. The motion was overruled, and the appellant was tried and convicted on November 1, 1979.

We first consider the speedy trial issue. Appellant was arrested on May 5, 1978, and posted an appearance bond the same day. No probable cause hearing is shown in the record. The appellant was incarcerated in the federal institution from June 6, 1978, until after the trial. He may still be serving the federal sentence as the record does not reflect he has been

returned to Arkansas authorities. The following Arkansas Rules of Criminal Procedure are involved in this matter:

Rule 28.1 (b): Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, shall be brought to trial before the end of the third full term of court from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Rule 29.1 (b): If the prosecuting attorney has information that a person charged with a crime is imprisoned in a penal institution of a jurisdiction other than the State of Arkansas, he shall promptly cause a detainer to be filed with the official having custody of the prisoner and request such officer to advise the prisoner of the filing of the detainer annd of the prisoner's right to demand trial.

Rule 30.1 (b): An incarcerated defendant not brought to trial before the running of the time for trial as provided by Rules 28.1 – 28.3 shall not be entitled to absolute discharge pursuant to subsection (a) hereof but shall be recognized or released on order to appear.

Rule 30.1 (c): The time for trial of a defendant released pursuant to subsection (b) hereof shall be computed pursuant to Rules 28.1 (b) and 28.2

The terms of the Pulaski County Circuit Court involved in this case are:

March 6, 1978 to September 24, 1978 (Arrested)

September 25, 1978 to March 4, 1979 (Passed)

March 5, 1979 to September 22, 1979 (Passed)

September 23, 1979 to March 2, 1980 (Tried)

We do not count the term in which appellant was arrested. *State* v. *Messer,* 269 Ark. 431, 601 S.W. 2d 857 (1980). He was not tried in the September 1978 term or the

March 1979 term. However, he was tried in the September 1979 term which is during the third full term after his arrest.

Although appellant was arrested a second time on September 7, 1979, as a result of the evidence obtained by the search warrant which was served on May 5, 1978, we do not compute the time from the filing of the information on March 13, 1979, because we think Rule 28.2 (a) covers the situation. This rule states that time commences to run from the date the charge is filed, except that if the defendant is held in custody or released on bail to answer for the same offense or other offenses arising from the same episode, then the time commences to run from the date of the arrest. Therefore, the late filing of the information did not start the time running anew from the day of the second arrest.

Appellant was on bail from the State of Arkansas (although incarcerated out of state) from the date of his arrest on May 5, 1978, until he was tried. He did not make demand for a speedy trial. Had he been held in the State of Arkansas during the time from his arrest on May 5, 1978, until the motion was filed, he would only have been entitled to release from custody and then the provisions of Rule 30.1 (b) and (c) would apply, but he would not have been entitled to an acquittal or to have the charges against him dismissed.

We addressed this same situation in the case of *State* v. *Davidson*, 254 Ark. 172, 492 S.W. 2d 246 (1973), where we stated:

> However, one incarcerated in an institution of the federal government or that of some other jurisdiction must affirmatively request a trial in order to activate the statute and to avail himself of its protection. \*\*\* When an accused is incarcerated in a federal institution or in another state, he is not incarcerated or held on bond awaiting a determination of whether he is guilty or innocent but is incarcerated for the commission of another crime for which he has been found guilty. In such situation there is no good reason why the accused should not be required to place himself on record in the attitude of

demanding a trial before he would be entitled to discharge. . . .

Since the appellant was on bail for the present charges and was also incarcerated out of state, and made no demand for a speedy trial, the three term requirements of Rule 28.1 (b) apply. He was tried before the expiration of the third full term of court following his original arrest on May 5, 1978.

Secondly, appellant challenges the failure of the court to suppress the evidence which was seized as a result of the search warrant served on May 5, 1978. He argues the authorization of a nighttime search on May 2, 1978, was not valid for the search which occurred three days later. The issuing magistrate allowed ten days for return on the warrant; therefore, the appellant has not valid reason to suppress simply because the warrant was not served for three days after it was issued. No authority is cited by either party on this point; and, frankly, we do not see any reason why the warrant was not still valid. Arkansas Rules of Criminal Procedure, Rule 13.2 (c), allows a search to be conducted within a reasonable time, not to exceed 60 days. We do not find any error relating to the issuance or service of the search warrant.

Finally, appellant argues the evidence was insufficient to support the verdict. Appellant argues the cocaine and marijuana should have been produced. These items were unavailable at the time of trial as they had apparently been destroyed by those having custody of same. However, the officers testified in detail about finding the contraband in the room where appellant was apprehended and the state chemist testified that the result of his analysis proved the substances were cocaine and marijuana. The failure to present the drugs physically only goes to the weight of the proof presented by the state. *Parker* v. *State*, 265 Ark. 315, 578 S.W. 2d 206 (1979).

Appellant also argues he was not in actual possession of the substances. He was in the office of the C & S Club which he operated. The contraband was found in the commode and on the floor near where appellant was standing. Nothing was found to indicate any of the other persons present were in

control of the contraband. None of them were involved in running the club so far as the record shows. We have many times held a person may be in constructive possession of such items when he either maintains control or a right to control, if it is immediately and exclusively accessible to the accused and subject to his dominion and control or to joint dominion and control of the accused and another person. Such possession and control may be established by circumstantial evidence. *Cary* v. *State*, 259 Ark. 510, 534 S.W. 2d 230 (1976). In *Cary* we stated:

> Constructive possession occurs when the accused maintains control or a right to control the contraband; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or the joint dominion and control of the accused and another.

Also, see *Lee* v. *State*, 270 Ark. 892, 609 S.W. 2d 3 (1980).

Finding no error by the trial court and following our well-established rule that we view the evidence on appeal in the light most favorable to the appellee, we must affirm the trial court.

Affirmed.