Robert Sherman ROBINSON *v.* STATE of Arkansas

CR 90-140                                              797 S.W.2d 425

Supreme Court of Arkansas
Opinion delivered October 15, 1990

*William R. Simpson, Jr.*, Public Defender, and *Howard W. Koopman*, Deputy Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

352

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. The appellant, Robert Sherman Robinson, was convicted on charges of theft by receiving, aggravated robbery, theft of property, first degree assault, and felon in possession of a firearm. He was also found to be an habitual offender with four prior felony convictions and was sentenced to a total of 155 years imprisonment under the sentence enhancement provisions of Ark. Code Ann. § 5-4-501 (1987).

On March 2, 1990, the appellant was tried for breaking into an automobile and removing valuables, threatening several people with a firearm, and then commandeering a truck and fleeing the scene. The jury rendered a guilty verdict, and, during the sentence phase, the state offered, over the appellant's objection, proof of four prior felony convictions: a 1974 guilty plea to a second-degree murder charge; and three 1978 guilty pleas to charges of robbery, theft of property with a value exceeding $2,500, and second-degree battery. With sentence enhancement, the appellant received 30 years for theft by receiving, 80 years for aggravated robbery, 30 years for theft of property, and 15 years for possessing a firearm. The sentences, imposed consecutively, amount to 155 years, less 226 days of jail credit.

For reversal, the appellant's sole contention challenges the sentence enhancement, alleging that his prior convictions of robbery and theft of property with a value of over $2,500 should be considered as a single conviction because the theft occurred in the course of the robbery. The appellant's argument is without merit, and we affirm the judgment of the trial court.

Arkansas Code Annotated § 5-12-102 (Supp. 1989) provides, in part:

> (a) A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

We have previously held that "the Arkansas Criminal Code has redefined robbery in a way that the focus of aggravated

robbery has shifted from the taking of property to the threat of physical harm to the victim. . . . [O]ne consequence of the definition is that *the offense is complete* when physical force is threatened; no transfer of property need take place." (Emphasis added.) *Birchett* v. *State,* 294 Ark. 176, 181, 741 S.W.2d 267, 270 (1987). *See also Higgins* v. *State,* 270 Ark. 19, 20, 603 S.W.2d 401, 402 (1980), which explicitly rejects the argument that theft of property is a lesser included offense of aggravated robbery: "[T]he offenses are separate and distinct and not dependent upon the same evidence to support the convictions."

The appellant attempts to make his point by analogizing robbery and burglary, citing the following provision from the habitual offender statute, Ark. Code Ann. § 5-4-501(c):

> For the purpose of determining whether a defendant has previously been convicted or found guilty of two (2) or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt.

No such formula exists with respect to *robbery,* and, in the absence of such specific language, we decline to write into the legislation a provision that the legislative branch has failed to enact, presumably by design, in relation to the statutory definition of robbery.

Nor are the appellant's 1978 convictions of robbery and theft of property conceptually connected. Just as the burglary and battery convictions in *Shockley* v. *State,* 291 Ark. 251, 724 S.W.2d 156 (1987), arising from the shooting of a policeman responding to a burglary report, were held to be "entirely separate and not subject to being counted as one offense under the habitual offender statute," so here separate acts resulting in separate convictions are involved. Robbery is characterized under Title 5 of the Arkansas Code in Subtitle 2 as an offense against the person, while theft appears under Subtitle 4 as an offense against property.

Theft of property is defined at Ark. Code Ann. § 5-36-103 (Supp. 1989):

> (a) A person commits theft of property if he:

(1) Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof; or

(2) Knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof.

Clearly, a transfer of property is essential for the completion of the crime of theft; on the other hand, as noted in the quotation from Ark. Code Ann. § 5-12-102(a) and *Birchett* and *Higgins*, no transfer of property is required for the completion of the crime of robbery — only physical force or the threat thereof is necessary.

Affirmed.