John THOMAS *v.* STATE of Arkansas

CR 93-519                                864 S.W.2d 835

Supreme Court of Arkansas
Opinion delivered November 8, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Mac Carder, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant John Thomas was sentenced to an extended term of imprisonment as a habitual offender with more than one but less than four felony convictions under Ark. Code Ann. § 5-4-501 (1987). The single issue on appeal is whether the trial court erred by not merging his prior convictions for breaking or entering and for theft of property into a single felony conviction for enhancement purposes. We hold that error did occur, and we vacate the sentence and remand for resentencing.

In the early morning hours of April 27, 1992, John Thomas made threatening telephone calls to his former girlfriend, Deanna Richardson. That evening, Thomas entered Ms. Richardson's home and stabbed her repeatedly. On January 26, 1993, he was convicted by a jury of terroristic threatening in the first degree in violation of Ark. Code Ann. § 5-13-301 (1987) and criminal attempt to commit murder in the first degree in violation of Ark. Code Ann. § 5-3-201 (1987).

The trial court determined that Thomas was a habitual offender with more than one but less than four convictions under Ark. Code Ann. § 5-4-501(a)(1) (1987). Thomas had prior convictions for breaking or entering and for theft of property which arose from a single transaction. According to Thomas the convictions resulted from a situation where "some young boys broke into a car and took a radar detector." The trial court treated the two convictions as two prior felonies. The jury then imposed sentences of twelve years imprisonment for the terroristic threatening and twenty-five years imprisonment for the attempted murder charge. The sentences are to be served concurrently.

■■ This case hinges on statutory interpretation. The issue at hand is whether the General Assembly intended to treat convictions for breaking or entering the object of which was theft as a single felony for enhancement purposes under Ark. Code Ann. § 5-4-501(c) (1987). The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. *Mountain Home Sch. Dist.* v. *T.M.J. Builders, Inc.*, 313 Ark. 661, 858 S.W.2d 74 (1993). In interpreting a penal statute, "[i]t is well settled that penal statutes are strictly construed with all doubts resolved in favor of the defendant, and nothing is taken as intended which is not clearly expressed." *Hales* v. *State*, 299 Ark. 93, 94, 771 S.W.2d 285, 286 (1989). However, even a penal statute must not be construed so strictly as to defeat the obvious intent of the legislature. *Russell* v. *State*, 295 Ark. 619, 751 S.W.2d 334 (1988). In this regard, we will not construe penal statutes so strictly as to reach absurd consequences which are clearly contrary to legislative intent. *Cox* v. *State*, 313 Ark. 184, 853 S.W.2d 266 (1993); *Williams* v. *State*, 292 Ark. 616, 732 S.W.2d 135 (1987); *Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986).

We begin by comparing the definitions of burglary and breaking or entering:

### BURGLARY

(a) A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person *with the purpose of commiting (sic) therein any offense punishable by imprisonment.*

Ark. Code Ann. § 5-39-201 (1987). (Emphasis ours.)

### BREAKING OR ENTERING

(a) A person commits the offense of breaking or entering *if for the purpose of committing a theft or felony* he enters or breaks into any building, structure, vehicle, vault, safe, cash register, money vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box, or other similar container, apparatus, or equipment.

Ark. Code Ann. § 5-39-202 (1987). (Emphasis ours.) In both instances, the purpose to commit a crime is an element of the offense. In the case of burglary, the crime intended must be an "offense punishable by imprisonment." For breaking or entering, the intended crime must either be "a theft or felony."

The precise section of the Habitual Offender Act to be interpreted reads:

(c) For the purpose of determining whether a defendant has previously been convicted or found guilty of two (2) or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt. A conviction or finding of guilt of an offense that was a felony under the law in effect prior to January 1, 1976, shall be considered a previous felony conviction or finding of guilt.

Ark. Code Ann. § 5-4-501(c) (1987).

This court has previously determined that breaking or entering is a lesser included offense of burglary. *Davis* v. *State*,

308 Ark. 481, 825 S.W.2d 584 (1992); *Selph* v. *State*, 264 Ark. 197, 570 S.W.2d 256 (1978). It is true, as the State contends, that § 5-4-501(c) speaks only in terms of burglary and the felony that was the object of the burglary. Yet, we are unable to conclude that the General Assembly did not also intend to embrace within the category of burglary the lesser included offense of breaking or entering which similarly requires the intent to commit a subsequent crime. To construe the statute otherwise would be to reach the absurd conclusion that the serious offense of burglary and the subsequent felony committed are treated as a single felony conviction under § 5-4-501(c) while the lesser offense of breaking and entering and the felonious object of that crime are treated as two felonies for enhancement purposes. That could not have been the intent of the General Assembly. As we said in *Ashing* v. *State, supra*:

> Additionally, while recognizing that penal statutes are given a strict construction, the rule is not so rigid that it does not give way to the obvious legislative intent or bow to the plain policy and purposes of the statute. Sutherland, Statutory Construction, § 59.06. The rule of strict construction is not the enemy of common sense and does not require a literal interpretation leading to absurd consequences. Such a reading should be discarded in favor of a more reasonable interpretation.

288 Ark. at 81, 702 S.W.2d at 22.

We do not consider the case of *Robinson* v. *State*, 303 Ark. 351, 797 S.W.2d 425 (1990), to be contrary to this decision. In *Robinson*, the defendant sought to combine convictions of robbery and theft into a single felony for habitual offender purposes. We declined to do so on the basis that § 5-4-501(c) did not include robbery by its terms, but only burglary. However, robbery is not a lesser included offense of burglary. Breaking or entering is and therein lies the critical distinction between the *Robinson* case and the case at bar.

We hold, therefore, that the term "burglary" in § 5-4-501(c) includes the lesser included offense of breaking or entering and that breaking or entering and the object of that offense — in this case, theft — should be considered a single

felony conviction for purposes of enhancing punishment.

The sentence in this matter is vacated, and this case is remanded with instructions to modify the sentence in accordance with this opinion.

HAYS AND GLAZE, JJ., dissent.

STEELE HAYS, Justice. The majority holds that the General Assembly intended to treat convictions for breaking or entering and its underlying purpose as a single felony for enhancement purposes under Ark. Code Ann. § 5-4-501 (1987). Since neither the language of § 5-4-501(c) nor the commentary indicates the General Assembly intended to consider the two convictions as a single felony conviction for enhancement purposes, I respectfully disagree.

The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Mountain Home Sch. Dist.* v. *T.M.J. Builders, Inc.*, 313 Ark. 661, 858 S.W.2d 74 (1993). And where the language of a statute is plain and unambiguous, we determine the legislative intent from the ordinary meaning of the language used. *Id.* Further, it is a recognized principle of interpretation that the mention of one thing implies the exclusion of another. 73 Am. Jur. 2d Statutes § 211 (1968); See Sutherland Statutory Construction § 47.23 (1992). Ordinarily there is an inference that omissions are intentional. *Id.* § 47.25 (1992).

In examining the wording of § 5-4-501(c), the special exception is clearly limited to the situation in which a defendant has previously been found guilty of burglary and the underlying felony. However, the majority is "unable to conclude that the General Assembly did not also intend to embrace within the category of burglary the lesser included offense of breaking or entering." Although breaking or entering is a lesser included offense of burglary, that designation is judicial rather than legislative. *See Selph* v. *State*, 264 Ark. 197, 570 S.W.2d 256 (1978). The legislature has not determined by statute that breaking or entering is a lesser included offense of burglary and thus it is implausible to conclude that the legislature intended to treat the lesser

included offenses of burglary within the special exception under § 5-4-501(c).

Beyond that, the original commentary to § 5-4-501 demonstrates that the legislature specifically intended to address burglary and its underlying felony. The commentary provides in relevant part:

> . . . Although prior to the Code's enactment most circuit judges treated convictions for burglary and grand larceny as a single prior conviction for purposes of habitual offender sentencing, a few apparently considered such a disposition to constitute two convictions. To achieve some parity of treatment in calculating the number of prior convictions, subsection (c) consolidates a burglary and the offense that was its object into a single felony conviction for habitual offender purposes. . . .

Original Commentary to § 5-4-501. In interpreting a statute, the commentary to a statute is a highly persuasive aid to construction. *Kyle* v. *State*, 312 Ark. 274, 849 S.W.2d 935 (1993).

Further, the majority concludes that *Robinson* v. *State*, 303 Ark. 351, 797 S.W.2d 425 (1990), is not contrary to today's decision. In *Robinson*, we held that § 5-4-501(c) should not be expanded to embrace robbery and the underlying theft. Although the special provision in § 5-4-501 applied to burglary, we concluded that no such provision existed regarding robbery. *Id.* We declined, in the absence of specific language, to write into the legislation a provision that the legislative branch had failed to enact, presumably by design. *Id.* The majority now attempts to distinguish the *Robinson* analysis solely on the ground that robbery is not a lesser included offense of burglary. Again, the "lesser included offense" classification is judicial rather than legislative.

Finally, the majority emphasizes the fact that "the purpose to commit a crime" is an element of the offense of both burglary and breaking or entering. Similarly, Ark. Code Ann. § 5-12-102 (Supp. 1987) provides that "[a] person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another."

Therefore, "the purpose to commit a crime" is an element of the offenses of robbery, burglary, and breaking or entering. Since the General Assembly has determined that robbery and burglary should not be treated similarly for purposes of enhancement, it is logical to assume it also intended to distinguish burglary from breaking or entering.

While we are not bound by the decision of the trial court, absent a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Furman* v. *Holloway*, 312 Ark. 378, 849 S.W.2d 520 (1993). I believe the trial court correctly concluded that breaking or entering and the felony which was the object of that offense were not intended to be merged to constitute a single felony for enhancement purposes under § 5-4-501 and I would affirm the judgment.

GLAZE, J., joins this dissent.