## Alexandria

## LLOYD E. JONES

v.

## COMMONWEALTH OF VIRGINIA

No. 2474-92-2

Decided July 5, 1994

COUNSEL

Gordon A. Wilkins (Wilkins, Davison & Emery, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Lloyd E. Jones (appellant) appeals his conviction of rape of a ten-year-old child in violation of Code § 18.2-61. On appeal, he argues that the Commonwealth failed to establish the chain of custody of hair samples taken from the victim and the victim's clothing to support the introduction of a certificate of analysis issued by the Division of Forensic Science. We disagree and affirm the conviction.

A PERK kit[1] was prepared from evidence taken from the victim. The kit, which included hair samples and a vaginal swab, was submitted to the Division of Forensic Science (hereinafter Division) laboratory in Richmond. The swab was tested in the Division's Richmond laboratory, and a certificate of analysis was issued.

The hair samples from the PERK kit were then re-sealed, placed in a lockbox, and the lockbox was given to a Division police officer for transportation to the Division's laboratory in Roanoke. The police officer did not have a key to the lockbox. The sealed envelope was received by Elmer Gist, an employee of the Division in its Roanoke laboratory. Gist is a specialist in the identification and comparison of hairs and natural fibers. Gist examined the hair samples, completed a certificate of analysis, and testified at trial.

Appellant objected to the admission of the certificate of analysis of the hair samples on the basis that the Commonwealth failed to establish the chain of custody of the evidence during the transportation of the sealed envelope from the Richmond laboratory to the

---

[1] A PERK kit or Physical Evidence Recovery Kit contains standardized evidence collection containers and is utilized by police in sexual assault cases for the collection and comparison of physical evidence, such as hair samples, semen, and clothing fibers.

Roanoke laboratory. At trial, appellant stipulated that the PERK kit was properly received in Richmond, that the hair samples were then sealed in an envelope by Lisa Schiermeier, who is an examiner for the Division in the Richmond laboratory, and that Mr. Gist received the envelope in Roanoke. Further, appellant stipulated that the driver of the security van that transported the samples between the laboratories was an employee of the Division. No evidence was presented that the sealed envelope had been tampered with during transit.

■ On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Further, "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Blain v. Commonwealth*, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

In *Reedy v. Commonwealth*, 9 Va. App. 386, 388 S.E.2d 650 (1990), we explained that:

When the Commonwealth offers testimony concerning the physical or chemical properties of an item in evidence, or of any foreign matter found on the item, authentication requires proof of the chain of custody, including "a showing with reasonable certainty that the item [has] not been altered, substituted, or contaminated prior to analysis, in any way that would affect the results of the analysis." "[T]he requirement of reasonable certainty is not met when some vital link in the chain of possession is not accounted for, because then it is as likely as not that the evidence analyzed was not the evidence originally received."

*Id.* at 387, 388 S.E.2d at 650-51 (citations omitted).

In this case, the record sufficiently established an unbroken chain in the custody of the hair samples. At trial, Mr. Gist testified regarding how he received the envelope as follows:

I received [the envelope] from the security officer in the Western Laboratory. The security van arrived, and the evidence that is submitted in a lockbox is distributed to the ex-

aminers that will be receiving the case. This happened to be a hair case; so, I was given the envelope out of the lockbox.

\* \* \* \* \* \* \*

The top of this envelope was tape-sealed with Common-wealth of Virginia Division of Forensic Science tape. Initials appear on the tape that are consistent with Lisa [Schiermeier's] who works in the serology section in Rich-mond. . . . Her seal is intact. I opened the opposite end of the envelope. And it was gum label sealed by the manufacturer.

From this evidence, we conclude that the failure to call as a wit-ness the driver of the security van, a police officer employed by the Division, "did not create a missing vital link in the chain of pos-session. . . . The procedures employed negated any substantial probability that the [evidence] had been altered, substituted, or tampered with during transit, thereby sufficiently accounting for that link." *Dotson v. Petty*, 4 Va. App. 357, 363-64, 358 S.E.2d 403, 406-07 (1987).

██ "Once the integrity of the chain is properly established and the . . . provisions of Code §§ 19.2-187 and -187.01 are satisfied, 'a certificate of analysis . . . shall be admissible . . . as evidence of the facts therein stated and the results of the analysis or examina-tion referred to therein.' " *Crews v. Commonwealth*, 18 Va. App. 115, 119, 442 S.E.2d 407, 409 (1994). Accordingly, we cannot say that the trial court abused its discretion in admitting the certifi-cate of analysis from the Roanoke laboratory.

*Affirmed.*

Moon, C.J., and Hodges, S.J., concurred.