Michael Dewayne JACKSON *v.* STATE of Arkansas

CA CR 93-476                                              885 S.W.2d 303

Court of Appeals of Arkansas
Division II
Opinion delivered October 19, 1994

*Gene Worsham*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a bench trial of delivery of a controlled substance and sentenced as an habitual offender to twenty years in the Arkansas Department of Correction under the enhancement provisions of Ark.

Code Ann. § 5-4-501 (1987). On appeal, he contends that the evidence is insufficient to support his conviction, that the trial court erred in applying the Habitual Offender Act, and that the application of the Habitual Offender Act violated his right to due process and fundamental fairness. We find these arguments without merit and affirm.

Pursuant to *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), we review the sufficiency of the evidence prior to considering any alleged trial error. In reviewing the sufficiency of the evidence on appeal, we review the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *LaRue* v. *State*, 34 Ark. App. 131, 806 S.W.2d 35 (1991). On appeal, we do not weigh evidence on one side against the other; we simply determine whether the evidence in support of the verdict is substantial. *Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Kendrick* v. *State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992).

Leslie Gann, a narcotics investigator with the North Little Rock Police Department, testified that he received information from a confidential informant that a person using a certain pager number was selling Dilaudid. On July 2, 1991, Officer Gann called this pager number and arranged to make a purchase. Officer Gann and the confidential informant went to the arranged meeting place where Officer Gann approached the driver's side window of a tan Ford Tempo with Arkansas license plate number RGK 410. Officer Gann testified that he handed the black male in the car $100.00 in exchange for two Dilaudid tablets. Officer Gann testified that his informant advised him after the buy that the suspect's name was Michael. Officer Gann then went to the Little Rock Police Department, looked through photographs, and identified the appellant as the person who sold him the pills. Officer Gann testified that he heat-sealed the two pills in a plastic bag which he labeled with the case number, his initials and the date, and sent it to the State Crime Laboratory. Officer Gann identified, as State's Exhibit 1, the plastic bag and the one pill it contained at trial.

Kim Brown, a drug chemist for the Arkansas State Crime Laboratory, testified that two round yellow tablets were submitted for analysis in this case and that she used one entire tablet to conduct her chemical analysis. She stated that her testing of the pill indicated it was hydromorphone or Dilaudid. She stated that she did not test the second pill remaining in the bag but that the pills were identical. The appellant testified that he did not sell Officer Gann the pills. He also testified that the Ford Tempo belonged to his wife's aunt, Roxanne Walker, and that he had never driven it. The testimony indicated that the pager was listed to Lee Parks and that the Ford Tempo was registered to Roxanne Walker.

██ The appellant first argues that there is insufficient evidence that the two pills delivered to Officer Gann were controlled substances because the State failed to produce at trial the pill actually tested or evidence that the tablet presented into evidence was tested. However, in *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979), the Supreme Court held that it was not essential to the meeting of the State's burden of proving the corpus delicti on the charge of delivery of a controlled substance that the substance be introduced in evidence, if a person qualified to do so had analyzed it and found it to be that on which the charge was based, or if one sufficiently experienced with substances could testify that it was a controlled substance. Here, Ms. Brown testified that she analyzed one tablet she received from Officer Gann and found it to be a controlled substance. Furthermore, the failure of the State to present the tested pill physically went only to the weight of the proof which was a question for the finder of fact. *See Williams* v. *State*, 271 Ark. 435, 609 S.W.2d 37 (1980); *Parker* v. *State, supra.*

██ The appellant also contends that there was a reasonable doubt as to whether Officer Gann purchased the pills from him. We disagree. Officer Gann identified the appellant from photographs maintained by the Little Rock Police Department and he again identified the appellant at trial as the man from whom he purchased the pills. The officer's unequivocal testimony identifying the appellant as the man from whom he purchased the Dilaudid is sufficient to sustain the conviction. *See Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992). Although the appellant denied selling the pills to the officer and the evi-

dence indicated that he did not own the pager or the car that was used during the drug transaction, weighing the evidence, determining credibility, and resolving conflicts in testimony are matters to be resolved by the trial judge. *Winters* v. *State*, 41 Ark. App. 104, 848 S.W.2d 441 (1993). Moreover, the trial judge was not required to believe any witness's testimony, especially the testimony of the appellant since he was the person most interested in the outcome of the trial. *Brown* v. *State*, 35 Ark. App. 156, 814 S.W.2d 918 (1991). Viewing the evidence in the light most favorable to the State, we find there is sufficient evidence to support the appellant's conviction.

The appellant next argues that the trial court erred in sentencing him as an habitual offender under Ark. Code Ann. § 5-4-501(a)(1) (1987). At trial, the State introduced into evidence a certified copy of an Order of Suspension and/or Probation reflecting that on October 22, 1991, the appellant entered a plea of guilty to one count of possession of a controlled substance and one count of maintaining a drug premises, both felonies. The appellant contends that the two previous felonies should be counted as only one conviction for the purposes of sentence enhancement because they arose from the same incident. We first note that we find nothing in the record to show that the appellant's two prior felony convictions stemmed from the same incident or criminal episode and while it may be reasonable to assume that the offenses were somehow related, we find no merit in the appellant's contention. The appellant relies on *Tackett* v. *State*, 298 Ark. 20, 766 S.W.2d 410 (1989) in which the Supreme Court held that two prior convictions arising from the same incident as the conviction challenged on appeal could not be used to enhance the penalty for the current conviction. In the case at bar, however, there is no evidence that the offense for which the appellant is currently convicted originated from the same incident as his past two convictions and consequently the holding in *Tackett* is not controlling.

The Arkansas Supreme Court addressed a similar argument in *Robinson* v. *State*, 303 Ark. 351, 797 S.W.2d 425 (1990) in which the appellant argued that his previous convictions of robbery and theft of property should have been considered as only one conviction for sentence enhancement purposes because the theft occurred during the course of the robbery. In rejecting this

argument, the Supreme Court relied on Ark. Code Ann. § 5-4-501(c) which provides in pertinent part:

> For the purpose of determining whether a defendant has previously been convicted or found guilty of two (2) or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt.

The Court in *Robinson* noted that no such formula exists with respect to robbery and, in the absence of specific language, declined "to write into the legislation a provision that the legislative branch has failed.to enact, presumably by design, in relation to the statutory definition of robbery." 303 Ark. at 353, 797 S.W.2d at 426. Nonetheless, in *Thomas* v. *State*, 315 Ark. 79, 864 S.W.2d 835 (1993), the Supreme Court did extend the provision in § 5-4-501(c) by holding that the term "burglary" includes the lesser included offense of breaking or entering and that breaking or entering and the object of that offense should be considered a single felony conviction for purposes of enhancing punishment. The Court in *Thomas* distinguished *Robinson* on the fact that robbery is not a lesser included offense of burglary.

■ Relying on the rationale set out above, we conclude that the trial judge was correct in finding that the appellant had been convicted of two previous felonies and in sentencing him accordingly. *See also McCullough* v. *State*, 44 Ark. App. 99, 866 S.W.2d 845 (1993).

■■ The appellant's final argument is that the application of the Habitual Offender Act violated his right to due process and fundamental fairness because the two prior convictions arose out of an incident which occurred subsequent to the offense for which he was convicted in the case at bar. He appears to be arguing that he has a due process right to be prosecuted for the crimes in the order in which they were committed and that if the State had tried the offenses in order, the penalty for his current conviction would not have been enhanced. The State contends that this argument was not made below. However, we find from the record that the appellant did argue to the trial judge that he was prejudiced by the order in which the charges were tried. Nevertheless, the appellant does not cite to any authority in support of

his argument. Assignments of error unsupported by convincing argument or authority are not considered on appeal. *Scroggins v. State*, 312 Ark. 106, 848 S.W.2d 400 (1993). Furthermore, the Supreme Court has held that the Arkansas Habitual Criminal Statute was not designed to act as a deterrent but as a punitive statute which provides that in appropriate cases a prior conviction, regardless of the date of the crime, may be used to increase punishment. *Gillie* v. *State*, 305 Ark. 296, 808 S.W.2d 320 (1991); *Washington* v. *State*, 273 Ark. 482, 621 S.W.2d 216 (1981). We find no error and affirm.

Affirmed.

ROBBINS and ROGERS, JJ., agree.