COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Elder and Fitzpatrick


GARY WILSON DOUGLAS

MEMORANDUM OPINION[*] BY
v.          Record No. 1623-93-3          JUDGE LARRY G. ELDER
                                    JUNE 27, 1995
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Frank I. Richardson, Jr., Judge

William Roscoe Reynolds (Stone, Worthy, Reynolds
& Joyce, on brief), for appellant.

Robert B. Condon, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Gary Wilson Douglas (appellant) appeals his three convictions for selling cocaine in violation of Code § 18.2-248. Appellant contends that the Commonwealth failed to prove that the substance he sold was cocaine because the Commonwealth did not introduce the plastic baggies of cocaine into evidence.  Because the trial court committed no error, we affirm appellant's convictions.

We hold that the Commonwealth sufficiently established the chain of custody of the baggies that contained the cocaine, and the evidence was sufficient to show that appellant sold cocaine to Stevens on three occasions.

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  Further, "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

In Reedy v. Commonwealth, 9 Va. App. 386, 388 S.E.2d 650 (1990), we explained that [] [w]hen the Commonwealth offers testimony concerning the physical or chemical properties of an item in evidence, or of any foreign matter found on the item, authentication requires proof of the chain of custody, including "a showing with reasonable certainty that the item [has] not been altered, substituted, or contaminated prior to analysis, in any way that could affect the results of the analysis."  "[T]he requirement of reasonable certainty is not met when some vital link in the chain of possession is not accounted for, because then it is as likely as not that the evidence analyzed was not the evidence originally received."

Jones v. Commonwealth, 18 Va. App. 608, 610, 446 S.E.2d 162, 163 (1994)(citing Reedy, 9 Va. App. at 387, 388 S.E.2d at 650–51) (other citations omitted).

In this case, the record sufficiently establishes an unbroken chain in the custody of the cocaine, with the Commonwealth accounting for every vital link.  Undercover agent Stevens testified that she purchased one baggie of cocaine from appellant on three different occasions.  Stevens, whose actions were monitored during the transactions, immediately turned over the baggies to Officer Rogers.  Rogers testified that he placed each baggie he received from Stevens into a separate larger evidence bag, which was sealed, dated, and signed.  These evidence bags were kept in a police locker to which Rogers had the only key.  When Rogers removed the bags, he mailed them by

certified mail to the Commonwealth laboratory.  The laboratory
analyzed each baggie of cocaine separately and prepared
individual certificates of analysis with matching certified mail
numbers.

Analyzed as individual links in the chain, the credible
evidence reveals that Stevens and Rogers properly handled the
baggies of cocaine before they were sent to the laboratory.  A
presumption of regularity allows us to assume that the postal
service clerks who handled the evidence while in the postal
service's custody properly discharged their official duties.
Crews v. Commonwealth, 18 Va. App. 115, 119, 442 S.E.2d 407, 409
(1994); Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406
S.E.2d 417, 418-19 (1991).  Finally, the provisions of Code
§§ 19.2-187 and 19.2-187.01 were satisfied, affording the
Commonwealth prima facie proof "as to the custody of the
[cocaine] described [in the certificate of analysis] from the
time [the cocaine] [was] received by an authorized agent of such
laboratory until [the cocaine] [was] released . . . ."  Code
§ 19.2-187.01.  Appellant did not challenge the propriety of the
attestation of the certificates of analysis.

Despite appellant's assertions to the contrary, the
Commonwealth's failure to actually introduce the baggies of
cocaine into evidence "did not create a missing vital link in the
chain of possession. . . .  The procedures employed negated any
substantial probability that the [cocaine] had been altered,

substituted, or contaminated . . . ."  Jones, 18 Va. App. at 611, 446 S.E.2d at 164 (citing Dotson v. Petty, 4 Va. App. 357, 363-64, 358 S.E.2d 403, 406-07 (1987)).  "Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence."  Reedy, 9 Va. App. at 391, 388 S.E.2d at 652 (also stating that the Commonwealth is not required to exclude every conceivable possibility of substitution or tampering); see Jackson v. State, 885 S.W.2d 303, 305 (Ark. App. 1994)(stating that failure to produce physical evidence at trial goes to the weight of the evidence).

Furthermore, we are guided by our decision in Hill v. Commonwealth, 8 Va. App. 60, 379 S.E.2d 134 (1989)(en banc), where "this Court affirmed a conviction for possession of cocaine with intent to distribute, although the drug 'was not produced at trial nor was any analysis of the substance admitted in evidence.'"  Hinton v. Commonwealth, 15 Va. App. 64, 66, 421 S.E.2d 35, 37 (1992)(citation omitted).  The result in this case differs, however, from Hinton, where the Commonwealth introduced a certificate of analysis identifying cocaine residue on a can, yet the submitting officer never mentioned the can during testimony.  In Hinton we held that the Commonwealth's proof was wholly circumstantial and failed to present an unbroken chain of circumstances that could prove the corpus delicti and criminal

-4-

agency of the appellant.  <u>Hinton</u>, 15 Va. App. at 67, 421 S.E.2d at 37.  In this case, as we explained, the Commonwealth provided ample evidence that accounted for every link in the chain of events.

Accordingly, we cannot say that the trial court abused its discretion in finding that there was sufficient evidence to show that the substance sold by appellant was cocaine, and the convictions are affirmed.

<u>Affirmed.</u>