The Honorable Sandra Prater State Representative 9202 Sayles Road Jacksonville, AR 72076
Dear Representative Prater:
I am writing in response to your request for an opinion on the following:
 Under current law are school bus stops covered under the "drug free school zone"? Would there be stiffer penalties if a person was busted for drugs or selling drugs around a bus stop when children are present? Does the law consider bus stops part of school property?
I note at the onset of this opinion that all three of your questions are interrelated. Accordingly, I will discuss the three questions as one analytic unit.
RESPONSE
In my opinion, the answer to each of your questions is "no." Assuming you are referring to enhanced penalties under A.C.A. § 5-64-411 (Supp. 2003), a bus stop is not clearly delineated as school district property in the statute. Therefore, the penalty enhancement from A.C.A. § 5-64-411
would not be applicable to a criminal defendant who was arrested for an enumerated drug offense in the vicinity of a school bus stop while school children were present at the bus stop. While I am fully aware of the important public policy concern of protecting school children from the dangers of illegal drugs, the Arkansas Supreme Court has held that a penal statute must be construed strictly in favor of the person sought to be penalized and A.C.A. § 5-64-411(a)(2) does not clearly express a legislative intent to impose a sentencing enhancement for drug crimes that occur off of school property despite the presence of school children.
By "drug free school zone," I assume that you are referring to property subject to the sentencing enhancement available under A.CA. §5-64-411(a)(2). Specifically, A.C.A. § 5-64-411 provides in pertinent part:
 (a) Any person who commits an offense under § 5-64-401(a) by selling, delivering, possessing with intent to deliver, dispensing, manufacturing, transporting, administering, or distributing a controlled substance may be subject to an enhanced sentence of an additional term of imprisonment of ten (10) years if the offense is committed on or within one thousand feet (1000') of the real property of:
* * *
 (2) A public or private elementary or secondary school, public vocational school, or private or public college or university[.]
A.C.A. § 5-64-411.
The Arkansas Supreme Court has set forth the standard for interpreting a penal statute as follows:
 The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. Thomas v. State, 315 Ark. 79, 864 S.W.2d 835 (1993); Mountain Home Sch. Dist. v. T.M.J. Builders, Inc., 313 Ark. 661, 858 S.W.2d 74 (1993). In interpreting a penal statute, "[i]t is well settled that penal statutes are strictly construed with all doubts resolved in favor of the defendant, and nothing is taken as intended which is not clearly expressed." Hales v. State, 299 Ark. 93, 94, 771 S.W.2d 285, 286 (1989). However, even a penal statute must not be construed so strictly as to defeat the obvious intent of the legislature. Russell v. State, 295 Ark. 619, 751 S.W.2d 334 (1988).
Hunt v. State, 254 Ark. 682, 686, 128 S.W.3d 820 (2003).
On examining the language of A.C.A. § 5-64-411, the plain and ordinary language of the statute does not include bus stops except for those bus stops that are within 1000 feet of the real property of a school. In my opinion, A.C.A. § 5-64-411(a)(2) does not clearly express an intent to impose a sentencing enhancement on those crimes committed in the presence of school children but farther than one thousand feet from a public or private school. When the school bus stop is not within 1000 feet of the real property of a school, in my opinion the sentencing enhancement of A.C.A. § 5-6-411 does not apply.
I am bolstered in this conclusion by A.C.A. § 5-73-119 (Supp. 2003) criminalizing the possession of a handgun on school property, a school bus, or a school bus stop and A.C.A. § 6-18-514 as amended by Act 1437 of 2005 that extends enforcement of a school district's antibullying policies to school bus stops.[1] Specifically, A.C.A. § 5-73-119
provides:
(a)(2)(A) No person in this state shall posses a firearm:
 (i) Upon the developed property of the public or private schools, K-12; or
(ii) In or upon any school bus; or
 (iii) At a designated bus stop as identified on the route lists published by the school districts each year.
A.C.A. § 5-73-119(a)(2)(A). Section 6-18-514 as amended reads in the pertinent part:
(b) The [antibullying] policies shall:
* * *
 (2) Prohibit bullying while in school, on school property, in school vehicles, on school buses, at designated school bus stops, at school sponsored activities, or at school sanctioned events, and on school buses[.]
Act 1437 of 2005, § 1.
In both of the above statutes, the General Assembly specifically included bus stops as a separate category from school property. When taken in conjunction with the long-standing rule of statutory interpretation that a penal statute will be read to include only what is clearly expressed, I am convinced that A.C.A. § 5-64-411 does not include bus stops in the term "real property of . . . [a] school" for the purposes of sentencing enhancement.
The Arkansas Code does not define "real property of . . . [a] school." The only analogous definition is a definition of "school property" found in the Arkansas Code at A.C.A. § 6-5-501 (Repl. 1999) regarding civil war reenactments on school property. Specifically, it provides:
 (5) "School property" means any building, bus, campus, ground, recreational area, athletic field, or other area or structure owned or in the charge of a public school district, a private school, a publicly supported institution of higher education, or a private institution of higher education.
A.C.A. § 6-5-501(5). I am not convinced that the language regarding property that the school district is "in charge of" includes bus stops. One of my predecessors has noted that there is no legal authority making a school responsible for acts committed at a bus stop as a general rule.See Op. Att'y Gen. 2002-101. The definition of "school property" in A.C.A. § 6-5-501, therefore, does not appear to include school bus stops.
One of our paramount public policy priorities should be to protect our children from illegal drugs. The General Assembly has not thus far provided for an enhanced criminal penalty for a crime committed at a bus stop, unless that bus stop is within 1000 feet of a school or school property. The General Assembly is the appropriate forum to consider whether the sentencing enhancement in A.C.A. § 5-64-411 should be extended to school bus stops in the next legislative session.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] Act 1437 of 2005 does not contain an emergency clause and will be effective on August 12, 2005. See Op. Att'y Gen. 2005-110.